**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Jordan Roy Guerra,** *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **No. 1:25-cv-02024-SH** |
| **Commissioner of Social Security Administration,** | § | |
| *Defendant* | § | |
| | § | |

**ORDER**

Now before the Court is Defendant's Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), filed August 31, 2026 (Dkt. 23).[1]

## I. Motion to Remand

Plaintiff Jordan Roy Guerra challenges the Commissioner's decision that he is not disabled under the Social Security Act. Dkt. 21. He argues that the administrative law judge's assessment of his residual functional and ability to perform relevant work is not supported by substantial evidence. *Id.* at 2. Defendant moves the Court to reverse and remand this action to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. 23. Guerra does not oppose remand. *Id.* at 1.

Sentence four of § 405(g) provides that a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). After considering the pleadings, administrative record, and Defendant's Motion, the Court finds that remand is appropriate to ensure that the Commissioner properly

[1] On April 2, 2026, the Honorable Alan D Albright transferred this case to this Magistrate Judge for all proceedings and the entry of a final judgment pursuant to the parties' consent. Dkt. 19.

considers Guerra's claim of disability. *See Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) ("Sentence-four remands give a reviewing court the authority to remand a benefits case if it determines that the Commissioner incorrectly applied the relevant law or made improper findings of fact."); *Luna v. Colvin*, No. 1:24-CV-00894-RP-SH, 2025 WL 379954, at *1 (W.D. Tex. Jan. 10, 2025) (finding sentence-four remand appropriate when government requested remand for further administrative proceedings to ensure plaintiff's claim of disability was properly considered), *R. & R. adopted*, 2025 WL 377724 (W.D. Tex. Feb. 3, 2025).

A district court remanding a case under sentence four must enter judgment and may not retain jurisdiction over the administrative proceeding on remand. *Shalala v. Shaefer*, 509 U.S. 292, 297 (1993); *Istre v. Apfel*, 208 F.3d 517, 520-521 (5th Cir. 2000) (holding that a sentence-four remand must include a substantive ruling affirming, modifying, or reversing the Secretary's decision).

## II. Order

The Court **GRANTS** Defendant's Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Dkt. 23) and **REVERSES** and **REMANDS** this action to the Commissioner of Social Security for further administrative proceedings.

The Court will enter final judgment by separate order.

**SIGNED** on September 8, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE